IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MEGAN D. BOWLING, as mother and
next friend of J.A.W.,
an infant,

                Plaintiff,

v.                                        CIVIL ACTION NO.   3:13-27347

APPALACHIAN ELECTRICAL SUPPLY, INC.
a Kentucky corporation,
CORKY WELLS ELECTRIC, INC., d/b/a
C.W. Electric Inc., a Kentucky corporation,
AMERICAN STAFFING, INC.,
a West Virginia corporation, and
BRAD PRINCE,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

      Pending are Plaintiff's Motion to Remand, ECF No. 56, and Defendant Corky Wells Electric's Motion for Partial Judgment on the Pleadings, ECF No. 60. As explained in further detail below, pursuant to 28 U.S.C. § 1447(e) and this Court's March 3, 2014, Agreed Order Granting Leave to Amend Complaint, ECF No. 25, which added non-diverse Defendant American Staffing, this Court hereby **REMANDS** this case to the Circuit Court of Mason County, West Virginia. Plaintiff's Motion to Remand is therefore **DENIED as moot**. Because this Court lacks subject matter jurisdiction and is remanding this action to the Circuit Court of Mason County, West Virginia, Defendant Corky Wells Electric's Motion for Partial Judgment on the Pleadings cannot be addressed by this Court.

## I. Background

On October 7, 2013, Plaintiff Megan Bowling, as mother and next friend of her infant son J.A.W.,[1] filed the instant case in the Circuit Court of Mason County, West Virginia, against Defendants Appalachian Electrical Supply, Inc., ("Appalachian") and Brad Prince in connection with an automobile accident in which Mr. Prince, while driving a commercial van owned by Appalachian, is alleged to have rear-ended a car in which J.A.W. was a rear-seat passenger, ultimately resulting in severe injuries to J.A.W, including brain damage. *See* Compl., ECF No. 1-2.

On October 30, 2013, Appalachian and Mr. Prince, both citizens of Kentucky, removed the case to this Court, asserting diversity jurisdiction given that Plaintiff and J.A.W. both reside in West Virginia. Notice Removal, ECF No. 1; Compl. ¶¶ 1-3; Def. Appalachian's Answer Compl. ¶ 3, ECF No. 4; Def. Prince's Answer Compl. ¶ 2, ECF No. 5. On March 3, 2014, with the consent of Appalachian and Mr. Prince and with leave of the Court, Plaintiff filed an Amended Complaint adding Defendant Corky Wells Electric, Inc., doing business as C.W. Electric, Inc. ("Corky Wells Electric"); Defendant C. W. Electric Services, LLC; and Defendant American Staffing, Inc. ("ASI"). *See* Agreed Order Granting Leave Amend Compl., ECF No. 25; Am. Compl., ECF No. 27.

In the Amended Complaint, Plaintiff alleges that, at the time of the accident, Mr. Prince was an employee or agent of Appalachian, ASI, Corky Wells Electric, and/or C. W. Electric Services, LLC. Am. Compl. ¶ 7. Plaintiff also alleges that these four defendants were engaged in a joint venture and that Mr. Prince was an employee borrowed by Appalachian, Corky Wells Electric, and/or C. W. Electric Services, LLC, from ASI, his general employer. *Id.* ¶¶ 25-27.

---

[1] Pursuant to Local Rule of Civil Procedure 5.2.1(a)(2), only the initials of a minor child should be used in court filings in this district.

Importantly, the proposed order requesting leave of this Court to file the Amended Complaint did not mention that ASI, a citizen of West Virginia, is non-diverse from Plaintiff. *See* Proposed Agreed Order Granting Leave Amend Compl., ECF No. 24; Am. Compl. ¶ 6. Also importantly, ASI's Answer to the Amended Complaint asserts cross-claims against Appalachian and Corky Wells Electric for breach of contract, express indemnification, implied indemnification, and contribution, attaching as exhibits to its cross-claims the agreements between ASI and each of these two defendants. *See* Def. ASI's Answer Am. Compl., ECF No. 51. C. W. Electric Services, LLC, was voluntarily dismissed by Plaintiff on April 23, 2014. *See* Notice Voluntary Dismissal, ECF No. 58.

On April 23, 2014,—almost two months after filing the Amended Complaint—Plaintiff filed the instant Motion to Remand, arguing that this Court no longer has jurisdiction over this case, given the joinder through the Amended Complaint of non-diverse Defendant ASI. Appalachian and Mr. Prince timely filed their Response, ECF No. 64, and Plaintiff timely filed her Reply, ECF No. 68. ASI and Corky Wells Electric did not participate in the briefing for this Motion.

Also on April 23, 2014, Corky Wells Electric filed the instant Motion for Partial Judgment on the Pleadings. ASI filed a Response, ECF No. 71. Plaintiff, Appalachian, and Mr. Prince did not participate in the briefing for this Motion, and Corky Wells Electric filed no reply.

Both Motions are now ripe for resolution. The Court will resolve the Motion to Remand before addressing the Motion for Partial Judgment on the Pleadings. *See McCoy v. Norfolk S. Ry. Co.*, 858 F. Supp. 2d 639, 642 (S.D. W. Va. 2012) ("[I]t is ordinarily improper to resolve . . .

motions to dismiss before deciding [a] motion to remand. The question arising on the motion to remand . . . is a jurisdictional inquiry.").[2]

## II. Diversity Jurisdiction

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by . . . the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "[D]istrict courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). In order to remove an action under § 1332, there must be "complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994).

## III. Joinder of ASI

The instant Motion to Remand revolves around the joinder of ASI through Plaintiff's filing of the Amended Complaint. Thus, before proceeding, the Court must examine whether this joinder was proper.

Federal Rule of Civil Procedure 15(a) states, in pertinent part, "[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. Pro. 15(a)(2). Here, Plaintiff sought the Court's leave to file her Amended Complaint, with the consent of the opposing parties, and the Court permitted its filing as a routine matter, given that no party raised the fact of ASI's non-diverse citizenship at the time. In fact, the Proposed Agreed Order Granting Leave to Amend Complaint which Plaintiff filed with the Court did not even attach a

---

[2] Additionally, the Motion for Partial Judgment on the Pleadings addresses claims against Defendant Corky Wells Electric, a citizen of Kentucky whose presence in this case does not affect the Motion to Remand. *See* Compl. ¶ 4; Def. Corky Wells Electric's Answer Am. Compl. ¶ 4, ECF No. 52.

copy of the Amended Complaint; it merely listed the parties Plaintiff wished to add as defendants, "to assert claims of vicarious liability" against them. *See* Proposed Agreed Order Granting Leave Amend Compl. The citizenship of the new parties was simply never addressed.

Importantly, since the removal of this case was based upon diversity jurisdiction, Rule 15(a) must be read in concert with 28 U.S.C. § 1447(e), which states, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." In *Mayes v. Rapoport*, the Fourth Circuit elaborated on the issue as follows:

> [I]f the plaintiff can add a non-diverse defendant without the district court exercising its discretion over whether the defendant should be joined, then, under § 1447(e), the district court would be forced to remand the case without determining the propriety of joinder.
>
> Reading Rule 15(a) in connection with Fed. R. Civ. P. 19 and 21, and 28 U.S.C. § 1447(e), resolves any doubts over whether the district court has authority to pass upon any attempts . . . to join a nondiverse defendant. *See* 28 U.S.C. § 1447(e) ("the court may deny joinder, or permit joinder"); *see also* Fed. R. Civ. P. 19(a) ("A person who is subject to service of process and *whose joinder will not deprive the court of jurisdiction* over the subject matter of the action shall be joined as a party . . .") (emphasis added); Fed. R. Civ. P. 21 ("Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."). Thus, a district court has the authority to reject a post-removal joinder that implicates 28 U.S.C. § 1447(e) . . . .
> . . .
> Since no party raised the fact that [the newly added defendant] was not diverse, and since the district court had no prior opportunity to pass upon the propriety of [that defendant's] joinder, the district court properly could have invoked its authority, under § 1447(e) and related authority, to determine whether [that defendant] was an appropriate party. *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) (vacating joinder order because district court permitted post-removal joinder of nondiverse party "as a routine matter," without actually exercising discretion over the joinder).

198 F.3d 457, 462 n.11 (4th Cir. 1999). Here, as in *Hensgens*, the Court entered an order allowing the filing of the Amended Complaint as a routine matter, given that the opposing parties consented to its filing and that none of the parties brought to the attention of the Court that the Amended

Complaint added a non-diverse party. Thus, the Court has not yet exercised its discretion under § 1447(e) to deny or permit the joinder of ASI. The Court will do so now.

Under § 1447(e), the Court has only two options: it may deny joinder of a nondiverse defendant and retain jurisdiction or permit joinder and remand the action to the state court. *See Mayes*, 198 F.3d at 462. The decision whether or not to permit such a joinder is "committed to the sound discretion of the district court." *Id.* In exercising this discretion, a court should consider "all relevant factors, including: the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.* (internal quotation marks omitted). The district court should "balance the equities in deciding whether the plaintiff should be permitted to join a nondiverse defendant." *Id.* at 463.

In her Motion to Remand, Plaintiff explains why she decided to join ASI as a defendant. In its Answer to the Complaint, Appalachian admitted that Mr. Prince was its employee. Mot. Remand at 2; Def. Appalachian's Answer Compl. ¶ 4. However, during discovery, Appalachian stated that it contracted with ASI for the latter to provide it with workers, including Mr. Prince; thus, Appalachian possessed no employment files or records regarding Mr. Prince. Mot. Remand at 2. As a result of this clarification, Plaintiff sought the leave of this Court to join ASI as a defendant under a theory of vicarious liability. *Id.* The instant Motion to Remand was not filed until nearly two months after the Amended Complaint was filed. Based upon this sequence of events, which Appalachian does not contest, the Court does not believe that the purpose of Plaintiff's joining ASI was to defeat federal jurisdiction. Indeed, before the issue of ASI's non-diverse citizenship arose, Appalachian and Mr. Prince apparently agreed that ASI was an appropriate party to be joined, as evidenced by their earlier consent to the joinder of ASI as a party.

Discovery was still ongoing when Plaintiff sought leave of this Court to join ASI, and Plaintiff did not know of the existence of this party at the time she filed the instant case—or even at the time when Appalachian filed its Answer, claiming Mr. Prince as its employee without further elaboration. Thus, the Court does not believe that Plaintiff was dilatory in asking for the joinder of ASI as a party.

The extent to which Plaintiff would be injured if the joinder of ASI is not allowed is revealed by the examination of Appalachian and Mr. Prince's argument, in their Response opposing Plaintiff's Motion to Remand, that ASI is merely a "nominal party" because Appalachian's insurer has agreed to defend ASI and indemnify it based upon the staffing agreement entered into between Appalachian and ASI in 2001. *See* Defs. Appalachian & Prince's Resp. at 1-2; Pl.'s Reply Ex. B, ECF No. 68-2; *see also Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) ("[A] federal court must disregard nominal or formal parties and rest [diversity] jurisdiction only upon the citizenship of real parties to the controversy.").

The Agreement states, in pertinent part, that "[Appalachian] specifically, without reservation or limitation, indemnifies and holds harmless ASI for any and all claims by third parties for loss, liability, or damage, on account of property damage or personal injury, arising out of or in connection with the work done or to be performed [by] and in connection with or arising out of the acts or omissions of leased employees." ECF No. 51-2 at 3.

In its Answer to the Amended Complaint, filed on April 13, 2014, ASI asserted cross-claims against Appalachian, alleging that ASI requested that Appalachian assume ASI's defense in this case and indemnify ASI against the claims Plaintiff asserts but that Appalachian refused to do so, thus breaching the indemnification term in their Agreement. *See* Def. ASI's Answer Am. Compl. at 9. ASI further asserted that Appalachian failed to purchase the insurance

coverage required by the Agreement and to add ASI as an additional insured, as also required by the Agreement. *Id.* at 9-10.

Appalachian and Mr. Prince state that, on May 5, 2014, their counsel contacted "Appalachian's insurer, [which] indicated that it will accept ASI's tender of defense [and indemnification][3] and will provide ASI with a defense in this matter." Defs. Appalachian & Prince's Resp. at 3. No documentation formalizing this "indication" was attached to the Response;[4] however, Appalachian and Mr. Prince submit that this alone is enough to render ASI a "nominal party with no real interest in this matter, as it will not incur additional costs for its defense or for any settlement or judgment in this matter." *Id.*

Plaintiff replies that ASI is not a nominal party, as shown by several facts found in discovery or submitted in exhibits: 1) two insurance policies issued by different insurers may apply to this case, one with an upper limit of $1,000,000 and one with an upper limit of $5,000,000; 2) neither Appalachian nor ASI are listed as named insureds on the $5,000,000 policy, and it remains unclear whether that policy will apply to this case; 3) at this point, only the insurer of the $1,000,000 policy "intends" to defend and indemnify ASI, and it will not exceed this $1,000,000 limit; 4) J.A.W. is permanently disabled due to the traumatic brain injury he sustained in the crash, such that Plaintiff's expert estimates that J.A.W.'s future care costs will total over $10,500,000; and 5) this amount does not include an estimated loss of earning capacity of around $1,000,000. Pls.' Reply at 2-4; *see also* ECF Nos. 68-1 to -5.

To determine whether a party is a real party in interest or merely a nominal party, a court typically looks at four factors:

---

[3] A letter from Appalachian's counsel to Plaintiff's counsel, attached to Plaintiff's Reply, clarifies that the insurer intends to both indemnify and defend ASI in this case. *See* Pl.'s Reply Ex. B.
[4] It is unclear at this point even if ASI has been contacted by the insurer in regards to the insurer's apparent promise to defend and indemnify ASI.

> First, a court will consider the level of control that the party retains over the litigation. This can be evidenced by the party's appearance in the proceedings. Second, a court will look to the weightiness of the party's interest in the litigation. To determine the significance of the interest, a court will often consider the likelihood that the party will incur financial liability as a result of later proceedings. Third, a court will take into account whether the party has retained counsel. Finally, a court will consider whether the party has given a statement or a deposition.

*See Owens v. Overstreet*, No. CIV.A. 1:10-00784, 2010 WL 4721709, at *3 (S.D. W. Va. Nov. 15, 2010) (citations omitted).

Here, ASI has retained its own counsel and filed an answer and cross-claims against two other defendants in the action. More than a month after one of Appalachian's insurers "indicated" to Appalachian's counsel that it would defend and indemnify ASI, ASI still retains its own counsel and no new counsel have been added to ASI's team. Though the time by which depositions must be completed is still two months in the future, ASI is actively engaged in discovery. Most importantly, even assuming that ASI is indemnified under the $1,000,000 insurance policy, ASI may be found jointly and severally liable with the other remaining defendants for more than $11,000,000 in damages. Given the large difference in these amounts and the fact that the Agreement clearly names ASI as a joint employer of Mr. Prince,[5] it seems likely to this Court that, if any defendants ultimately incur financial liability in this case—in an amount which is likely to be substantial given the allegations—, ASI will also incur such liability above and beyond any indemnified amount. Thus, ASI is clearly a real party in interest in this suit. To this end, Plaintiff would be significantly injured if she could not join ASI as a party, and the balance of the equities weighs in favor of allowing such joinder.

---

[5] The Agreement between Appalachian and ASI states that "the individuals assigned to [Appalachian's] workplace . . . shall, while engaged in such work, be considered employees of both [Appalachian] and ASI" and that "ASI reserves a right of control and supervision of the employees." ECF No. 51-2 at 1.

The Court therefore will not vacate its March 3, 2014, Agreed Order Granting Leave to Amend Complaint, which added non-diverse Defendant ASI. Consequently, pursuant to 28 U.S.C. § 1447(e), the Court must remand this case to the Circuit Court of Mason County, West Virginia.

### IV.   Conclusion

As explained above, pursuant to 28 U.S.C. § 1447(e) and this Court's March 3, 2014, Agreed Order Granting Leave to Amend Complaint, ECF No. 25, this Court hereby **REMANDS** this case to the Circuit Court of Mason County, West Virginia. Plaintiff's Motion to Remand, ECF No. 56, is therefore **DENIED as moot**. Because this Court lacks subject matter jurisdiction and is remanding this action to the Circuit Court of Mason County, West Virginia, Defendant Corky Wells Electric's Motion for Partial Judgment on the Pleadings, ECF No. 60, cannot be addressed by this Court.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:   June 11, 2014

_____
ROBERT C. CHAMBERS, CHIEF JUDGE